UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CIRCUIT CITY STORES, INC., et al., | ) | Case No. **08-35653 (KRH)** |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |
| | ) | |
| ALFRED H. SIEGEL, AS TRUSTEE OF THE CIRCUIT CITY STORES, INC. LIQUIDATING TRUST, | ) ) ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adversary Proceeding |
| | ) | Case No. **10-03557 (KRH)** |
| PLUMCHOICE, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**MOTION OF PLUMCHOICE, INC. TO DISMISS THE LIQUIDATING TRUSTEE'S COMPLAINT TO AVOID AND RECOVER PREFERENTIAL TRANSFERS AND OBJECTION TO CLAIM NO. 6911 AND MEMORANDUM IN SUPPORT THEREOF**

PlumChoice, Inc. (the "Defendant"), defendant in the above-captioned adversary proceeding (the "Adversary Proceeding"), presents this motion (the "Motion") to dismiss The Liquidating Trustee's Complaint to Avoid and Recover Preferential Transfers and Objection to Claim No. 6911 (the "Complaint") with prejudice.

---

GREGORY KAPLAN, PLC
Troy Savenko (Va. Bar No. 44516)
Leslie A. Skiba (Va. Bar No. 48783)
7 East Second Street (23224-4253)
Post Office Box 2470
Richmond, VA  23218-2470
Telephone: (804) 423-7921
Facsimile:  (804) 525-1892

- and –

CHOATE, HALL & STEWART LLP
John F. Ventola, Esq.
Sean M. Monahan, Esq.
Two International Place
Boston, Massachusetts 02110
Telephone: (617) 248-5000
Facsimile:  (617) 248-4000

*Counsel to PlumChoice, Inc.*

The Defendant seeks an order dismissing the Complaint with prejudice pursuant to Rule 7012(b) of the Federal Rules of Bankruptcy Procedure, which applies Rule 12(b)(6) of the Federal Rules of Civil Procedure to adversary proceedings, on the ground that the Complaint fails to comply with the pleading requirements set forth in Ashcroft v. Iqbal, ___ U.S. ___, 129 S. Ct. 1937 (2009), and Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), and for such other and further relief as is proper and just.

## Summary of Argument

The plaintiff, Alfred H. Siegel, as trustee of the Circuit City Stores, Inc. Liquidating Trust (the "Plaintiff"), filed the Complaint on November 9, 2010, seeking to avoid and recover $2,777,679.02 in alleged preferential transfers pursuant to Sections 547(b) and 550 of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). Furthermore, pursuant to Section 502(d) of the Bankruptcy Code the Plaintiff seeks to disallow Proof of Claim No. 6911, which the Defendant timely filed on January 28, 2009 in the amount of $1,893,592.25 (the "General Unsecured Claim").

The Complaint should be dismissed under Rule 7012(b) for failure to state a claim on which relief can be granted because it fails to comply with the pleading standards of Rule 8 of the Federal Rules of Civil Procedure, made applicable by Rule 7008 of the Federal Rules of Bankruptcy Procedure, as set forth in Ashcroft v. Iqbal and Bell Atlantic Corp. v. Twombly. The Complaint is nothing more than a bare recitation of the elements of the cause of action asserted, adding only minimal and inconsistent information as to the alleged preferential transfers. For this reason, the Complaint should be dismissed with prejudice.[1]

---

[1] The Plaintiff's objection to the General Unsecured Claim of the Defendant should also be overruled because it is premised solely on the Plaintiff successfully avoiding the alleged preferential transfers to the Defendant.

2

**Jurisdiction, Venue, and Statutory Bases**

1.  This Court has jurisdiction over this Motion under 28 U.S.C. §§ 157 and 1334. Venue is proper under 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding under 28 U.S.C. § 157(b).

2.  The statutory predicates for the relief requested herein are Rule 7012(b) of the Federal Rules of Bankruptcy Procedure, which tracks Rule 12(b)(6) of the Federal Rules of Civil Procedure.

**Background**

3.  On November 10, 2008 (the "Petition Date"), Circuit City Stores, Inc. and its affiliated debtors (the "Debtors") each filed their voluntary petitions for relief pursuant to chapter 11 of the Bankruptcy Code. The cases are being jointly administered by order of the Court.

4.  On or about November 9, 2010, the Plaintiff filed the Complaint seeking to avoid and recover alleged transfers (the "Transfers") in the aggregate amount of $2,777,679.02 from the Defendant pursuant to Sections 547(b) and 550 of the Bankruptcy Code and to disallow the Defendant's General Unsecured Claim pursuant to Section 502(d) of the Bankruptcy Code. A copy of the Complaint is attached hereto as Exhibit 1.

5.  The Complaint provides no specific information regarding the Transfers other than a table setting forth the "Vendor Name," "Check Clear Date," "Check Number," and "Paid Amount." Id. at Exhibit A. The Complaint does not identify which of the sixteen Debtors allegedly made the transfers. Id. In addition, the Complaint does not identify the nature and amount of the alleged antecedent debt or debts related to each of the alleged Transfers, vaguely stating that "[e]ach Preferential Transfer was made for or on account of an antecedent debt or debts owed by one or more of the Debtors before such Preferential Transfers were made." Id. at ¶28. Moreover, the Complaint does not contain any facts to support the bare bones allegation that

3

the Transfers enabled the Defendant to receive more than it would have received under chapter 7 of the Bankruptcy Code. To add to the confusion, the aggregate amount of the alleged Transfers listed on Exhibit A to the Complaint is $400,000 less than the amount citied in the body of the Complaint. Id. at ¶23 and Exhibit A.

## Argument

**A.    Applicable Standard.**

6.    Pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, as made applicable to this Adversary Proceeding by Rule 7012(b)(6) of the Federal Rules of Bankruptcy Procedure, the Court may dismiss a complaint for failure to state a claim upon which relief may be granted.

7.    The purpose of a motion to dismiss is to test the legal sufficiency of the complaint. Twombly, 550 U.S. at 580. To survive a motion to dismiss, the complaint must include well-pleaded factual allegations that plausibly give rise to an entitlement to relief. Iqbal, 129 S. Ct. at 1949; see also Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008) (holding that a complaint must "allege 'enough facts to state a claim for relief that is plausible on its face'") (emphasis in original) (quoting Twombly, 550 U.S. at 570).

8.    In light of the foregoing, a court "need not accept as true unwarranted inference, unreasonable conclusions, or argument." Iqbal, 129 S. Ct. at 1950 (internal quotations removed). Indeed, a pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" will not suffice. Twombly, 550 U.S. at 555; see also Iqbal, 129 S. Ct. at 1949 ("Threadbare recitals of the elements of a cause of action supported by mere conclusory statements does not suffice"). As a result, "all civil complaints must now set out sufficient factual matter to show that the claim is facially plausible." Burtch v. Huston (In re USDigital, Inc.), No. 09-50469, 2011 Bankr. LEXIS 20, at *12 (Bankr. D. Del. Jan. 5, 2011) (quoting Ashcroft v. Iqbal,

4

129 S. Ct. 1937, 1949 (2009) and <u>Fowler v. UPMC Shadyside</u>, 578 F.3d 203, 209, 210 (3d Cir. 2009)).

9. In <u>Angell v. Haveri (In re Caremerica)</u>, 409 B.R. 346, 350 (Bankr. E.D.N.C. 2009), the court, applying these principles, held that a preference avoidance complaint did not contain sufficient factual allegations to show that it was plausible that the alleged transfers occurred because the trustee failed to identify which of the debtors made the alleged transfers.

10. That court also held that the complaint did not contain sufficient allegations to show that it was plausible that the alleged transfers were made on account of an antecedent debt, because the plaintiff failed to assert the nature and amount of the antecedent debt. <u>Id</u>. at 351. The court explained that <u>Twombly</u> requires that "the trustee…allege facts regarding the nature and amount of the antecedent debt which, if true, would render plausible the assertion that a transfer was made for or on account of such antecedent debt." <u>Id</u>.

11. In <u>Angell v. BER Care, Inc., et. al. (In re Caremerica)</u>, 409 B.R. 737, 751 (Bankr. E.D.N.C. 2009), the court similarly stated that "each transferee's identity as a creditor is contingent on the existence of an antecedent debt."

12. That court also held that the heightened pleading requirements set forth in <u>Iqbal</u> precluded the trustee from merely alleging that the creditor received more from transfers than it would have received under chapter 7 of the Bankruptcy Code. Specifically, the court stated that "in light of the heightened pleading standard expressed in <u>Iqbal</u>, the trustee is obligated to support his allegation with facts showing that it is plausible that creditors would receive less than a 100% payout in a liquidation." <u>Id</u>. at 754.

### B.     **Application of Applicable Standard.**

13.     In order to prevail on the claims in the Complaint, the Plaintiff must demonstrate, inter alia, that there was a "transfer of an interest of the debtor in property". 11 U.S.C. § 547(b). The Plaintiff must further demonstrate that the Transfers were made "for or on account of an antecedent debt owed by the debtor before such transfer was made," 11 U.S.C. § 547(b)(2), and that the Transfers enabled the Defendant to receive more than the Defendant in a chapter 7 liquidation, 11 U.S.C. § 547(b)(5). The Complaint fails to plead facts sufficient to support even an inference that those elements have been satisfied. Cf. In re USDigital, 2011 Bankr. LEXIS 20, at *12-13 ("[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but not shown – that the pleader is entitled to relief"). As a result, the Complaint does not state a claim for relief under Section 547 of the Bankruptcy Code and must be dismissed pursuant to Rule 7012(b).

### (1)     **Transfer of an Interest of the Debtor in Property.**

14.     The Plaintiff has not pled any facts whatsoever related to which of the sixteen Debtors made the alleged Transfers. Nor does the Complaint include sufficient facts to support the Plaintiff's contention that the Debtors had an interest in the property transferred. Instead, the Plaintiff simply alleges that "Circuit City" transferred property to or for the benefit of Defendant. Exhibit 1 at ¶23. "Circuit City" is a defined term in the Complaint that collectively includes "Circuit City Stores, Inc. and its affiliated debtors in possession," Id. at ¶3, and it is impossible to ascertain which Debtor was the transferor. Thus, the Complaint does not show that it was "plausible that a transfer of an interest of the debtor in property occurred" because the Plaintiff has not identified which of the Debtors made each alleged transfer and has not provided any factual

support with respect to the Debtors' interest in the property purportedly transferred." Haveri, 409 B.R. at 350.

  **(2) For or On Account of an Antecedent Debt.**

  15. The Complaint does not allege any fact that indicates that the Transfers were in connection with a debt owed by a specific Debtor incurred before the transfer. The Complaint does not allege any facts regarding the nature or amount of the alleged antecedent debt, other than a general conclusion that the Transfers were "made for or on account of an antecedent debt or debts owed by one or more of the Debtors before such Preferential Transfers were made." Id, at ¶28. Indeed, the Plaintiff has failed to assert any facts supporting the existence of an antecedent debt owed by the Debtors to the Defendant. Because the Plaintiff has failed to allege facts regarding the existence, nature and amount of the alleged antecedent debt, the Complaint fails to satisfy the pleading requirements under Iqbal and should be dismissed.

  **(3) Enabled Defendant to Receive More Than it Would Under Chapter 7.**

  16. The Plaintiff has also failed to properly plead an essential element of its avoidance claim, that the Transfers made by the Debtor(s) to the Defendant were such that the Defendant received more than it would have received if (a) the case were a case under chapter 7; (b) the Transfer had not been made; and (c) the Defendant received payment of such debt to the extent provided by the provisions of the Bankruptcy Code. See 11 U.S.C. § 547(b)(5).

  17. The Plaintiff's only allegation with respect to this element is a bare bones, conclusory recitation of the requirement set forth in 11 U.S.C. § 547(b)(5), specifically that "[e]ach Preferential Transfer enabled Defendant to receive more than Defendant would have received if…the Debtors' chapter 11 cases were instead cases under chapter 7 of the Bankruptcy Code." Exhibit 1 at ¶31. The Complaint does not even include a summary of the

Debtors' schedules of assets and liabilities, which would at least provide some basis to render plausible the assertion that the Transfer enabled the Defendant to receive more than it would have in a chapter 7 liquidation.  BER Care, Inc. (In re Caremerica), 409 B.R. at 751.  Because the Complaint does not establish any facts showing that unsecured, nonpriority creditors would have receive less than a 100% payout in a liquidation, the allegations by the Plaintiff fail to meet the plausibility standard necessary to overcome a Rule 12(b)(6) motion to dismiss.

### Conclusion

18. The Complaint contains only "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements."  Iqbal, 129 S. Ct. at 1949.  As a result, the Plaintiff has failed to satisfy the pleading standards articulated by the United States Supreme Court in Ashcroft v. Iqbal and Bell Atlantic Corp. v. Twombly.  Accordingly, the Defendant respectfully requests that the Court enter an Order dismissing the Complaint with prejudice and granting the Defendant such other and further relief as this Court deems just and proper.

| | |
|---|---|
| Dated February 7, 2011 | Respectfully submitted, |

/s/ Troy Savenko
GREGORY KAPLAN, PLC
Troy Savenko (Va. Bar No. 44516)
Leslie A. Skiba (Va. Bar No. 48783)
7 East Second Street (23224-4253)
Post Office Box 2470
Richmond, VA   23218-2470
Telephone:     (804) 423-7921
Facsimile:      (804) 525-1892

 - and –

CHOATE, HALL & STEWART LLP
John F. Ventola, Esq.
Sean M. Monahan, Esq.
Two International Place
Boston, Massachusetts 02110
Telephone:     (617) 248-5000
Facsimile:      (617) 248-4000

*Counsel to PlumChoice, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 7th day of February, 2011, a copy of the foregoing <u>Motion of PlumChoice, Inc. to Dismiss the Liquidating Trustee's Complaint to Avoid and Recover Preferential Transfers and Objection To Claim No. 6911 and Memorandum in Support Thereof</u> was served via electronic service and the Court's CM/ECF Noticing System upon the following:

>Jeffrey N. Pomerantz, Esq.
>jspomerantz@pszjlaw.com
>Andrew W. Caine, Esq.
>acaine@pszjlaw.com
>Gillian N. Brown, Esq.
>gbrown@pszjlaw.com
>PACHULSKI STANG ZIEHL & JONES LLP
>10100 Santa Monica Boulevard
>Los Angeles, California 90067-4100
>
>Lynn L. Tavenner, Esq.
>ltavenner@tb-lawfirm.com
>Paula S. Beran, Esq.
>pberan@tb-lawfirm.com
>TAVENNER & BERAN, PLC
>20 North Eighth Street, 2nd Floor
>Richmond, Virginia 23219
>
>Robert J. Feinstein, Esq.
>rfeinstein@pszjlaw.com
>John A. Morris, Esq.
>jmorris@pszjlaw.com
>PACHULSKI STANG ZIEHL & JONES LLP
>780 Third Avenue, 36th Floor
>New York, New York 10017

/s/ Troy Savenko
Counsel